IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNADINE KHAN, § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. 4:12-1116 |
| § | | |
| WELLS FARGO BANK, N.A., § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

This foreclosure case is before the Court on Defendant Wells Fargo Bank's ("Defendant") First Amended Rule 12(b)(6) Motion to Dismiss [Doc. # 27] ("Amended Motion") and Rule 12(c) Motion for Judgment on the Pleadings [Doc. # 39] ("Rule 12(c) Motion").  Plaintiff Bernadine Khan ("Plaintiff") filed a response to each motion [Docs. # 35 and # 45], and Wells Fargo has filed a Reply [Doc. # 46] to Plaintiff's Response to its Rule 12(c) Motion.  Having considered the parties' submissions and applicable legal authorities, the Court **grants** Wells Fargo's Motion and **denies as moot** its Rule 12(c) Motion.

## I. BACKGROUND

On October 19, 2006, Plaintiff obtained a mortgage loan from New Century Mortgage Corporation ("New Century") and purchased property at 33203 Waltham Crossing in Fulshear, Texas (the "Property").  First Amended Original Petition ("Amended Petition") [Doc. # 26], at 2-3.  The Deed of Trust [Exh. A to Doc. # 26-1]

lists Mortgage Electronic Registration Systems, Inc. ("MERS") as "a nominee for Lender and Lender's successors and assigns" and as "a beneficiary under this Security Instrument." *Id.* at 2 (emphasis removed). On October 25, 2006, the Deed of Trust was recorded in Fort Bend County, Texas. Fort Bend County Record [Exh. A to Doc. # 26-1], at 25.

In 2007, New Century filed a Chapter 11 bankruptcy petition in the Untied States Bankruptcy Court for the District of Delaware, No. 1:07-bk-10416 (KJC). *Id.* at 4-5. On March 19, 2008, as a part of the bankruptcy proceeding, New Century filed a Notice of Rejection of Executory Contract regarding its contract with MERS, which was granted by the bankruptcy court. *Id.* at 4; Notice of Rejection of Executory Contract [Exh. D to Doc. # 26-2], at 10-13. As a result of the bankruptcy, New Century ceased operations, and a liquidating trust began to marshal New Century's assets. Amended Petition, at 4-5.

In 2008, Plaintiff sought to re-structure her loan and alleges that Defendant informed her that she would have to fall behind on her payments to be considered for a loan modification. *Id.* at 3. After Plaintiff did so, Defendant commenced foreclosure proceedings. *Id.* Plaintiff paid the balance due, and Defendant reinstated the loan. *Id.* Plaintiff again requested a modification in 2010. *Id.* In November 2011, Defendant denied the request. *Id.* at 4.

On January 17, 2012, MERS, as the original nominee for New Century named in the Deed of Trust, assigned the mortgage to U.S. National Bank Association ("U.S. Bank"), as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-HE-3, Asset Backed Pass-Through.  Amended Petition, at 4; Assignment of Mortgage ("Assignment") [Exh. C to Doc. # 26-2], at 8; Deed of Trust [Exh. A to Doc. # 26-1], at 3.

On April 2, 2012, Plaintiff filed suit in the 268th Judicial District Court of Fort Bend County, Texas, against Defendant Wells Fargo and substitute trustees Jack Palmer, Selim Taherdadeh, Kendall Yow, and David Romness.  *See* Notice of Removal [Doc. # 1], at 1.  Ten days later, Defendant timely removed the case to the United States District Court for the Southern District of Texas.  *See id.*; Notice of Filing of Notice of Removal to Federal Court [Doc. # 1-2], at 2.  On July 26, 2012, Plaintiff filed an Agreed Motion to Dismiss [Doc. # 17], which the Court granted [Doc. # 18].  Thereafter, Plaintiff filed an Unopposed Motion for Reconsideration of Plaintiff's Agreed Motion to Dismiss [Doc. # 21].  The Court granted that motion and reopened the case solely as to Defendant Wells Fargo [Doc. # 23].

Defendant filed a Motion for Adequate Protection [Doc. # 6] ("Protection Motion") and a Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. # 19].  After hearing the parties' motions and arguments, the Court granted the Protection Motion in part and denied Defendant's Dismissal Motion without prejudice.  *See* August 16,

2012 Hearing [Doc. # 23]. On September 28, 2012, Plaintiff filed her Amended Petition [Doc. # 26].

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### B. Motion for Judgment on the Pleadings Pursuant to Rule 12(c)

A motion for judgment on the pleadings under Rule 12(c) "is [governed by] the same [standard] as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The Court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Id.* The motion "should not be granted unless the plaintiff would not be entitled to relief under any set of facts that [s]he could prove consistent with the complaint." *Id.*

## III. ANALYSIS

### A. Plaintiff's Standing to Challenge the Assignment

Defendant asserts that Plaintiff does not have standing to challenge the assignment of the Note[1] from MERS to U.S. Bank because Plaintiff was not a party to the assignment. Amended Motion, at 5-6. Defendant's argument is rejected. As the Fifth Circuit recently held in *Reinagel v. Deutsche Bank Nat. Trust Co.*, 722 F.3d 700 (5th Cir. 2013), a mortgagor/borrower has standing to challenge the validity of an assignment of the deed of trust and note even if the mortgagor/borrower was not

---

[1] Plaintiff appears to use the terms "Note" and "Deed of Trust" interchangeably when challenging the assignment from MERS to U.S. Bank. In each subsection of its Memorandum and Order, the Court generally uses the term employed by Plaintiff in the portion of the Amended Petition being addressed.

a party to the assignment. *Id.* at 705; *see also Wiley v. Deutshe Bank Nat. Trust Co.*, No. 12-51039, 2013 WL 4779689, at *1 n.2 (5th Cir. Sept. 6, 2013) (uSeptember 19, 2013npublished). "[T]he result would otherwise be absurd that any party could fraudulently foreclose and the homeowner would have no recourse to challenge that foreclosure." *Wiley*, 2013 WL 4779689, at *1 n.2. The Court therefore holds that Plaintiff has standing to assert her claims that the assignment was fraudulent and that Defendant does not have standing to foreclose on the Property.

### B. No Default/No Deficiency

Although Plaintiff admits that she failed to make her required loan payments, *see, e.g.*, Amended Petition, at 3-4, she alleges that her loan is not in default because "the real lender is not before this court and is not identified in any document that complies the state and federal law and the PSA which governs the Trust." *Id.* at 13. Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Plaintiff does not, and cannot, provide a legal basis for her argument. Her claim that she is not in default because Defendant does not have standing to foreclose does not demonstrate that she is entitled to relief. Accordingly, Defendant's Amended Motion is **granted with prejudice** as to this claim.

### C. Wrongful Foreclosure

To the extent Plaintiff intended a wrongful foreclosure claim, her claim is legally insufficient. To establish a wrongful foreclosure claim, a plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price, and (3) a causal connection between [the defect and the grossly inadequate selling price]." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing *Charter Nat'l Bank–Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). A wrongful foreclosure claim cannot be brought until a foreclosure sale occurs. *See, e.g.*, *Sw. Capital Inv. Corp v. HSBC Bank USA, N.A.*, No. 4:11-cv-2881, 2013 WL 164988, at *3 (S.D. Tex. Jan. 15, 2013) (Harmon, J.); *Pena v. JPMorgan Chase & Co.*, No. L-13-20, 2013 WL 4735166, at *2 (S.D. Tex. Aug. 30, 2013) (Kazen, J.); *Bassie v. Bank of Am., N.A.*, No. 4:12-cv-00891, 2012 WL 6530482, at *1 (S.D. Tex. Dec. 13, 2012); *Owens v. BAC Home Loans Servicing, L.P.*, No. H-11-2742, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012) (Rosenthal, J.). Defendant has not conducted a foreclosure sale upon the Property. Plaintiff's wrongful foreclosure claim therefore is premature and is **dismissed with prejudice** insofar as it based on events to date.

### D. <u>Violation of Texas Local Government Code</u>

In a claim entitled "Unjust Enrichment Cause Irreparable Harm," Plaintiff appears to contend that Defendant violated section 192.007 of the Texas Local

Government Code because Defendant was "not legally entitled to collect [] the sums paid by plaintiff to defendant as there [wa]s no valid assignment from the originating lender, New Century Mortgage Corporation . . . ." Amended Petition, at 12. Section 192.007 of the Texas Local Government Code "declares that the assignment of a recorded instrument must itself be recorded." *Reinagel*, 722 F.3d at 708 n.27 (citing TEX. LOC. GOV'T CODE ANN. § 192.007(a)). In *Reinagel*, the Fifth Circuit held that section 192.007 is best interpreted to be "a procedural directive to county clerks, not [] a prerequisite to the validity of assignments." *Id.* (citing *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 830 (S.D. Tex. 2012); *KCB Equities, Inc. v. HSBC Bank USA, Nat'l Ass'n*, No. 05-10-01648-CV, 2012 WL 1985899, at *2 (Tex. App.—Dallas June 4, 2012, no pet.) (mem. op., not designated for publication)). Plaintiff therefore cannot rely on section 192.007 as a vehicle to challenge the validity of the assignment from New Century Mortgage. The Court **dismisses** this claim **with prejudice.**

      E.    **Defendant's Standing to Foreclose and Fraudulent Assignment**

Plaintiff argues that Defendant does not have standing to enforce the Note and foreclose on the Property because the assignment from New Century Mortgage to Defendant was fraudulent. *See* Amended Petition, at 6-8, 13-14. Plaintiff alleges that New Century Mortgage was "not a member of MERS" at the time of the assignment

and the assignment was "robo-signed." *Id.* at 12-13. The Court is unpersuaded. Under Texas law, if a note bears a blank endorsement, the party with physical possession of the note has ownership of it and is entitled to collect on it. *See Kiggundu v. Mortg. Elec. Registration Sys., Inc.*, 469 F. App'x 330, 331 (5th Cir. 2012) (unpublished) (citing TEX. BUS. & COM. CODE ANN. §§ 1.201(b)(21), 3.205(b)). Here, Plaintiff does not dispute that U.S. Bank and its servicer, Defendant Wells Fargo, are in possession of the original Note and Deed of Trust. The Note is endorsed in blank. Accordingly, Defendant has the authority to foreclose on the Property.[2] Defendant's Amended Motion is **granted with prejudice** as to this claim.[3]

---

[2] This is consistent with the wording of the Deed of Trust. The Deed of Trust grants the "Lender" the power to foreclose on the Property if payments are not made and certain other criteria are satisfied. *Id.* at 13. "Lender" is defined in that part of the Deed of Trust as "any holder of the Note who is entitled to receive payments under the Note." *Id.* As holder, U.S. Bank is entitled to receive payment under the Note, and Defendant is U.S. Bank's servicer. Under Texas law, a mortgage servicer may administer the foreclosure of property on behalf of a mortgagee. *See* TEX. PROP. CODE. ANN. § 51.0025. Accordingly, under the language of the Deed of Trust, Defendant has authority to foreclose on the Property.

[3] Plaintiff also appears to argue that the Note is not enforceable because her debt was securitized (pooled with other debts). *See* Amended Petition, at 5. This argument is without merit. Plaintiff has offered no legal authority to support her contention. The theory has been rejected by various courts. *See Lewis v. Wells Fargo Bank, N.A.*, No. 3:12-cv-3724-G, 2013 WL 1402317, at *4 (N.D. Tex. Apr. 8, 2013) (collecting cases); *Warren v. Bank of Am., N.A.*, No. 3:11-cv-3603-M, 2012 WL 3020075, at *6 (N.D. Tex. June 19, 2012) (same), *report and recommendation adopted by* 2013 WL 1131252 (N.D. Tex. Mar. 19, 2013).

### F.     **Violations of Texas Deceptive Trade Practices Act**

Plaintiff also appears to argue that Defendant violated §§ 17.46(b)(7), (12), and (24) of the Texas Deceptive Trade Practices Act ("DTPA").[4] *See* Amended Petition, at 8-10.  Plaintiffs' claim is legally insufficient as pleaded.  First, "consumer status is an essential element of a DTPA cause of action." *Miller v. BAC Home Loans Servicing,* L.P., --- F.3d ----, No. 12-41273, 2013 WL 4080717, at *6 (5th Cir. Aug. 13, 2013) (quoting *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no pet.)).  To qualify as a consumer, a plaintiff must (1) "seek or acquire goods or services by purchase or lease" and (2) "the goods or services purchased or leased must form the basis of the complaint."[5] *Miller*, 2013 WL 4080717, at *6 (quoting *Mendoza* , 932 S.W.2d at 608) (citing TEX. BUS. & COM.

---

[4]     Plaintiff only asserts that Defendant violated § 17.46(b).  That section defines the phrase "false, misleading, or deceptive acts or practices," which is used in § 17.46(a).  Consumers may seek relief for the acts and practices set forth in § 17.46(b) to the extent they are incorporated in § 17.50(a)(1)(A).  In other words, § 17.46(b) merely describes ways in which other sections of the DTPA can be violated.

[5]     A "consumer" is defined as:

> an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more.

TEX. BUS. & COM. CODE § 17.45(4).

CODE ANN. § 17.45(4)). Usually a loan transaction cannot be challenged under the DTPA because the plaintiff sought or acquired money, which is not a good or a service. *Id.* Servicing a mortgage is not a service under the DTPA. *See Calvino v. Conseco Fin. Servicing Corp.*, No. A-12-CA-577-SS, 2013 WL 4677742, at *8 (W.D. Tex. Aug. 20, 2013) (Sparks, J.) (citations omitted). A mortgage loan is not within the DTPA when the loan, rather than the property sought to be purchased, is the basis of the plaintiff's complaint.[6] *See Miller*, 2013 WL 4080717, at *6. Plaintiff does not allege facts to establish she is a consumer under the DTPA. Accordingly, Plaintiff has failed to state legally sufficient DTPA claim.

Second, Plaintiff does not provide any factual allegations regarding how Defendant allegedly violated §§ 17.46(b)(7), (12), and (24) of the DTPA. In particular, Plaintiff fails to allege (1) how Defendant falsely represented that goods or services were of a particular standard, quality, grade, style, or model; (2) how Defendant represented that an agreement conferred rights, remedies, or obligations which are either illegal or were not conferred; or (3) what information Defendant failed to disclose with the intention of inducing the consumer into a transaction that

---

[6] Various courts have held that a plaintiff can demonstrate consumer status by showing that the mortgage loans was "inextricably intertwined" with the transaction to buy a good or service. *See, e.g.*, *Yetiv v. Chase Home Fin. LLC*, No. 4:11-cv-01250, 2012 WL 112597, at *7 (S.D. Tex. Jan. 11, 2012) (Ellison, J.) (citation omitted). Plaintiff does not allege that how her mortgage loan is "inextricably intertwined" with the transaction to buy a good or service.

the consumer would not otherwise have entered if the information was disclosed. Although Plaintiff mentions Defendant's alleged lack of standing, she does not link the allegation to her DTPA claims. Plaintiff has failed to plead sufficient factual allegations to state a claim for relief under the DTPA that is "plausible on its face." *See Ashcroft*, 556 U.S. at 678. Defendant's Amended Motion is **granted** on Plaintiff's DTPA claim largely **without prejudice**.[7] Plaintiff is **granted** leave to amend her DTPA in accordance with Federal Rule of Civil Procedure 11.

### G. Negligent Misrepresentation

Plaintiff asserts that Defendant's alleged failure to notify her that it lacked standing to enforce the Note and the Deed of Trust constitutes negligent misrepresentation. Amended Petition, at 10. The Court is unpersuaded. When raising a claim for negligent misrepresentation, a plaintiff must demonstrate that:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

---

[7] To the extent Plaintiff asserts that Defendant violated § 17.45(5) of the DTPA "by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs [sic] to a grossly unfair degree," *see* Amended Petition, at 9, Plaintiff's claim is **dismissed with prejudice**. Section 17.45(5) merely defines "unconscionable action or course of action"; a violation of § 17.45(5) is not, by itself, actionable.

*Smith v. JP Morgan Chase Bank, N.A.*, 519 F. App'x 861, 861 (5th Cir. 2013) (unpublished) (quoting *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)) (internal quotation marks omitted). Plaintiff has not alleged that Defendant made a false representation. As explained previously, Defendant has, as a matter of law, standing to enforce the Note and the Deed of Trust. Accordingly, Defendant did not falsely represent, implicitly or expressly, that it had standing to foreclose. Plaintiff has not pleaded a legally sufficient claim of negligent misrepresentation and that claim is **dismissed with prejudice**.

### H.     Negligence

Plaintiff argues that Defendant's actions and omissions constitute negligence. Amended Petition, at 11. Plaintiff has failed to sufficiently plead a claim for negligence. "To state a negligence claim under Texas law, a plaintiff must show: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages caused by the breach." *Carrillo v. Bank of Am., N.A.*, No. H-12-3096, 2013 WL 1558320, at *5 (S.D. Tex. Apr. 11, 2013) (Rosenthal, J.) (citing *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)). "A legal duty is a general obligation imposed by law apart from and independent of promises made and . . . the manifested intentions of the parties, to avoid injury to others." *Custer v. Wells Fargo Bank, N.A.*, No. A-12-cv-056 LY, 2013 WL 1926412, at *13 (W.D. Tex. Apr. 1, 2013) (quoting *UMLIC VP*

*LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 611 (Tex. App.—Corpus Christi 2005, pet. denied)) (internal quotation marks omitted). Plaintiff has failed to allege that Defendant owed her a duty or to identify what duty was owed. Accordingly, Defendant's Amended Motion is **granted** as to Plaintiffs' negligence claim, and the claim is **dismissed without prejudice**.

### I.    Violations of the Texas Debt Collection Act

Plaintiff asserts that Defendant violated §§ 392.304(8) and (19) of the Texas Debt Collection Act ("TDCA"). Amended Petition, at 11. To plead a viable TDCA claim:

> a plaintiff must set forth facts showing that: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act.

*Hill*, 2012 WL 2065377, at *2 (citing TEX. FIN. CODE ANN. § 392.001, *et seq.*). Plaintiff has not pleaded any factual basis to support this claim. Instead, Plaintiff merely recites the language of the statute. Without any factual allegations, Plaintiff has failed to put Defendant on notice as to how they have allegedly violated the TDCA. Accordingly, the Court grants Defendant's Amended Motion on Plaintiff's TDCA claims. The claims are **dismissed without prejudice**, subject to repleading in conformity with Rule 11 of the Federal Rules of Civil Procedure.

## J.  Common Law Fraud

Plaintiff also contends that Defendant committed common law fraud by making "material false representations about the Note and its standing to enforce the Note" and "conceal[ing] or fail[ing] to disclose material facts concerning the Note and defendant's standing." Amended Petition, at 15. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cnty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). A plaintiff must allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)); *see also Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010). While fraud must be pleaded with particularity, it "may be pleaded without long or highly detailed particularity." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).

Plaintiff has failed to meet the pleading standards for a fraud claim under Federal Rule of Civil Procedure 9(b). Plaintiff's Amended Petition includes no factual allegations in conjunction with her common law fraud claim. She merely recites the elements of common law fraud.[8] She fails to allege what material false statement was made, what material facts were not disclosed, how she acted in reliance, or how she was injured as a result. Plaintiff has not met the fundamental Rule 9(b) pleading requirement for a fraud claim, "'the who, what, when, where, and how'" of the alleged fraud. *See Shandong Yinguang Chem. Indus.*, 607 F.3d at 1032-33 (citation omitted). Therefore, Defendant's Amended Motion is **granted** and the claim is **dismissed without prejudice**. The Court grants Plaintiff leave to amend her complaint within the strictures of Rule 11 of the Federal Rules of Civil Procedure.

---

[8] Under Texas law, the party asserting a claim for fraud must establish that:

> (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.

*Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004) (citing *Coffel v. Stryker Corp.*, 284 F.3d 625, 631 (5th Cir. 2002)). "In the case of a promise of future performance, the plaintiff also has to prove that 'the promise was made with no intention of performing at the time it was made.'" *Coffel*, 284 F.3d at 632 (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)).

**K.     Quiet Title**

Plaintiff argues that the "deed of trust is a cloud on plaintiff's property" because the assignment of the Deed of Trust to U.S. Bank through MERS was invalid. Amended Petition, at 7. "'A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property.'" *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (unpublished) (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)). To recover on a claim to quiet title, the plaintiff must prove that her title to the property is superior to the defendant's title. *Id.* (citations omitted); *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994). A plaintiff may not simply rely on the weakness of her adversary's title. *See, e.g.*, *Browning v. PHH Mortg. Corp.*, No. H-12-0886, 2013 WL 3244094, at *6 (S.D. Tex. June 26, 2013) (unpublished) (quoting *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001)).

Plaintiff has failed to plead a legally sufficient claim to quiet title. She does not allege any facts regarding the superiority of her title and does not challenge the validity of the Deed of Trust. A challenge to the validity of an assignment of a deed of trust only questions whether the party at issue has the authority to enforce that deed of trust and does not establish a quiet title claim. *See Morlock*, 2013 WL 2422778,

at *2.  Therefore, Plaintiff's allegations concerning the invalidity of the assignment from MERS to U.S. Bank cannot form the basis of a quiet title claim.  The Court **dismisses** Plaintiff's quiet title claim **without prejudice**.

### L.     Declaratory Judgment

Plaintiff seeks a declaratory judgment that the assignment of the Note was invalid and that Defendant has no authority to foreclose on the Property.  Amended Petition, at 15-16.  "[T]he Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy." *Easley v. Fed. Nat. Mortg. Ass'n*, No. 4-10-cv-3734, 2011 WL 6002644, at *6 (S.D. Tex. Nov. 30, 2011) (citation omitted); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 n.4 (5th Cir. 1984).  In deciding the legal viability of a declaratory judgment claim, "[a] federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."  *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citations omitted).  For the Court to grant declaratory relief, there must be a "substantial and continuing controversy between two adverse parties" and "a substantial likelihood that [Plaintiff] will suffer injury in the future" that arises from a violation of law.  *Bauer v. Texas*, 341 F.3d 352,

358 (5th Cir. 2008). Accordingly, Plaintiff's claim for declaratory relief is dependent on her other claims. Because the Amended Petition does not contain a justiciable claim, the Court **grants** Defendant's Amended Motion and **denies** Plaintiff's request for a declaratory judgment **without prejudice**.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Wells Fargo's First Amended Motion to Dismiss [Doc. # 27] is **GRANTED**. The Court reserves its ruling as to Defendant's request for attorneys' fees until the case is completed. It is further

**ORDERED** that Plaintiff's claims for the absence of default, for lack of standing to foreclose, for fraudulent assignment, for negligent misrepresentation, for violation of the Texas Local Government Code, and to quiet title are **DISMISSED with prejudice**. It is further

**ORDERED** that Plaintiff's claims for violation of the Texas Deceptive Trade Practices Act, negligence, violation of the Texas Debt Collection Act, and common law fraud are **DISMISSED without prejudice**. It is further

**ORDERED** that Plaintiff's request for a declaratory judgment is **DENIED without prejudice**. It is further

**ORDERED** that Plaintiff is granted leave to file a Second Amended Petition

on or before **October 7, 2013**. It is further

**ORDERED** that Plaintiff and counsel may not plead a claim for which Plaintiff has no good faith factual and legal basis. *See* FED. R. CIV. P. 11(b); 28 U.S.C. § 1927. It is further

**ORDERED** that Defendant Wells Fargo's Motion for Judgment on the Pleadings [Doc. # 39] is **DENIED as MOOT**. It is further

**ORDERED** that Defendant Wells Fargo's Motion to Enter Judgment on the Pleadings Pursuant to Rule 12(c) or Grant Motion to Dismiss [Doc. # 47] is **DENIED as MOOT**. It is further

**ORDERED** that Docket Call is rescheduled to **December 18, 2013, at 3:00 p.m.**

SIGNED at Houston, Texas, this **20th** day of **September, 2013**.

_____
Nancy F. Atlas
United States District Judge