IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BERNADINE KHAN,                    §
               Plaintiff,          §
v.                                 §          CIVIL ACTION NO. H-12-1116
                                   §
WELLS FARGO BANK, N.A.,            §
               Defendant.          §

## MEMORANDUM AND ORDER

This foreclosure case is before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") Motion to Compel Plaintiff to Make an Election of Remedies Subject to Motion to Strike [Doc. # 60] ("Motion to Compel), Second Motion for Adequate Protection [Doc. # 62] ("Motion for Adequate Protection"), Motion for Summary Judgment and Second Motion to Dismiss Subject to Wells Fargo's Motion to Strike Plaintiff's Second Amended Complaint [Doc. # 63] ("Motion to Dismiss"), and Motion to Compel Deposition and Motion for Sanctions [Doc. # 72] ("Motion to Compel Deposition").  These motions are ripe for consideration.[1]  Having considered the parties' briefing, the applicable legal

---

[1]     Plaintiff Bernadine Khan filed a Response to the Motion to Compel [Doc. # 65]. Plaintiff filed a Response to the Motion for Adequate Protection [Doc. # 66], to which Defendant filed a Reply [Doc. # 68].  Plaintiff filed a Response to the Motion for Summary Judgment [Doc. # 67], to which Defendant filed a Reply [Doc. # 70]. Finally, Plaintiff filed a Response to the Motion to Compel Deposition [Doc. # 73], to which Defendant filed a Reply [Doc. # 74].

authorities, and the evidence of record, the Court **grants** Wells Fargo's Motion for Summary Judgment and **denies as moot** Wells Fargo's Motion to Compel, Motion for Adequate Protection, and Motion to Compel Deposition.   Plaintiff's claims are **dismissed with prejudice**.

## I.   **BACKGROUND**

On October 19, 2006, Plaintiff Bernadine Khan ("Khan" or "Plaintiff") obtained a mortgage loan from New Century Mortgage Corporation ("New Century") and purchased property at 33203 Waltham Crossing in Fulshear, Texas (the "Property"). Plaintiff's Second Amended Original Complaint [Doc. # 52] ("Complaint"), ¶¶ 6-7. The deed of trust for the mortgage ("Deed of Trust") lists Mortgage Electronic Registration Systems, Inc. ("MERS") as "a nominee for Lender and Lender's successors and assigns" and as "a beneficiary of this Security Instrument."  Deed of Trust [Exh. A to Doc. # 52], at 2-3.  On October 25, 2006, the Deed of Trust was recorded in Fort Bend County, Texas.  Fort Bend County Record [Exh. A to Doc. # 52], at 22.

In 2007, New Century filed a Chapter 11 bankruptcy petition in the Untied States Bankruptcy Court for the District of Delaware.  Complaint, ¶ 10. On March 19, 2008, as a part of the bankruptcy proceeding, New Century filed a Notice of Rejection of Executory Contract regarding its contract with MERS, which was granted by the

bankruptcy court.  *Id.*; Notice of Rejection of Executory Contract [Exh. E to Doc. # 52].  As a result of the bankruptcy, New Century ceased operations, and a liquidating trust began to marshal New Century's assets.  Complaint, ¶ 10.

Although the timing is unclear, it appears that Defendant became the loan servicer on Plaintiff's loan prior to MERS' assignment of the loan to U.S. Bank.  In 2008, Plaintiff sought to re-structure her loan and alleges that Defendant informed her that she would have to fall behind on her payments to be considered for a loan modification.  *Id.,* ¶ 8.  After Plaintiff did so, Defendant commenced foreclosure proceedings.  *Id.*  Plaintiff paid the balance due, and Defendant reinstated the loan. *Id.*  Plaintiff again requested a modification in 2010.  *Id.*  In November 2011, Defendant denied the request.  *Id.*, ¶ 9.  Defendant is currently (and at all times since this suit was filed, has been) the servicer of Plaintiff's loan on behalf of U.S. Bank. *See id.*, ¶¶ 8-9.  In January 2012, MERS, as the original nominee for New Century named in the Deed of Trust, assigned the mortgage to U.S. National Bank Association, as "Trustee for Citigroup Mortgage Loan Trust, Inc., 2006, HE3, Asset Backed Pass-Through Certificates Series 2006-HE3" ("U.S. Bank").  *Id.*; Assignment of Mortgage [Exh. D to Doc. # 52].

On April 2, 2012, Plaintiff filed suit in the 268th Judicial District Court of Fort Bend County, Texas, against Defendant Wells Fargo and substitute trustees Jack

Palmer, Selim Taherdadeh, Kendall Yow, and David Romness.  *See* Notice of Removal [Doc. # 1], at 1.  Ten days later, Defendant Wells Fargo timely removed the case to this Court.  *See id.*; Notice of Filing of Notice of Removal to Federal Court [Doc. # 1-2], at 2.  On July 26, 2012, Plaintiff filed an Agreed Motion to Dismiss [Doc. # 17], which the Court granted [Doc. # 18].  Thereafter, Plaintiff filed an Unopposed Motion for Reconsideration of Plaintiff's Agreed Motion to Dismiss [Doc. # 21].  The Court granted that motion and reopened the case solely as to Defendant Wells Fargo [Doc. # 23].

Defendant filed a Motion for Adequate Protection [Doc. # 6] ("Protection Motion") and a Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. # 19].  After hearing the parties' motions and arguments, the Court granted the Protection Motion in part and denied Defendant's Dismissal Motion without prejudice.  *See* August 16, 2012 Hearing [Doc. # 23].  On September 28, 2012, Plaintiff filed an Amended Petition [Doc. # 26].  Defendant moved to dismiss the case [Doc. # 27] and moved for judgment on the pleadings [Doc. # 39].  On September 3, 2013, Defendant foreclosed on the Property.  Complaint, ¶ 21.

On September 20, 2013, the Court granted Wells Fargo's motion to dismiss, but permitted Plaintiff to amend her complaint on her claims under the Texas Deceptive Trade Practices Act ("DTPA"), Texas Debt Collections Act ("TDCA"), negligence,

and common law fraud and as to her request for a declaratory judgment. Memorandum and Order [Doc. # 49], at 19.  Plaintiff filed her Second Amended Original Complaint [Doc. # 52] ("Complaint") on October 9, 2013.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th

Cir. 1997).

### B.   Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'"  *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th

Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the

non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).  Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413).  The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).

## III.   ANALYSIS

### A.   Violation of the Texas Deceptive Trade Practices Act

Plaintiff first alleges that Defendant Wells Fargo violated the Deceptive Trade Practices Act ("DTPA").  Complaint, ¶¶ 12-15.  Specifically, Plaintiff asserts that

8

Defendant posted the Property for "non-judicial foreclosure" without a proper basis for doing so and denied Plaintiff's request for a loan modification, despite Plaintiff's lack of "knowledge, ability, experience, or capacity" to protect her property. *Id.*, ¶ 13. Plaintiff further alleges that Defendant violated § 17.46(b) of the DTPA by securitizing the note underlying the loan (the "Note") and putting it in trust through an assignment, which the Plaintiff alleges is "void *ab initio*" because it violated the trust's Pooling and Servicing Agreement. *Id.*, ¶ 14.

In its previous Memorandum and Order, the Court explained that Plaintiff's DTPA claim in the First Amended Petition was insufficiently pleaded. Memorandum and Order, at 10-12. The Court noted that to make out such a claim, Plaintiff had to allege that she was a "consumer." *Id.*, at 10-11. The Court stated explicitly that "Plaintiff does not allege facts to establish that she is a consumer under the DTPA," but granted Plaintiff leave to amend her pleadings. *Id.*, at 11-12.

"[C]onsumer status is an essential element of a DTPA cause of action." *Miller v. BAC Home Loans Servicing,* L.P., 726 F.3d 717, 724 (5th Cir. 2013) (quoting *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no pet.)). To qualify as a consumer, a plaintiff must (1) "seek or acquire goods or services by purchase or lease" and (2) "the goods or services purchased or leased must

form the basis of the complaint."[2]  *Id.* at 724-25 (quoting *Mendoza*, 932 S.W.2d at 608).  Usually a loan transaction cannot be challenged under the DTPA because the plaintiff sought or acquired money, which is not a good or a service.  *Id.* at 725.  Servicing a mortgage is not a service under the DTPA.  *See Calvino v. Conseco Fin. Servicing Corp.*, No. A-12-CA-577-SS, 2013 WL 4677742, at *8 (W.D. Tex. Aug. 20, 2013) (Sparks, J.) (citations omitted).  A mortgagor can qualify "as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint."[3]  *See Miller*, 726 F.3d at 725.

In her Complaint, Plaintiff again has failed to allege facts establishing that she

---

[2]      A "consumer" is defined as:

> an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more.

TEX. BUS. & COM. CODE § 17.45(4).

[3]      Various courts have held that a plaintiff can demonstrate consumer status by showing that the mortgage loan was "inextricably intertwined" with the transaction to buy a good or service.  *See, e.g.*, *Yetiv v. Chase Home Fin. LLC*, No. 4:11-cv-01250, 2012 WL 112597, at *7 (S.D. Tex. Jan. 11, 2012) (Ellison, J.) (citation omitted).  Plaintiff does not allege how her mortgage loan is "inextricably intertwined" with the transaction to buy a good or service.

was a consumer entitled to relief under the DTPA.[4]  Plaintiff also has failed to explain, assuming that she qualifies as a consumer, how Defendant falsely represented the "goods or services" sold, how Defendant allegedly misrepresented that an agreement conferred certain rights or remedies, or what information Defendant failed to disclose to induce Plaintiff into a certain transaction she would have otherwise not entered into. *See* Memorandum and Order, at 11-12.  Even assuming Plaintiff had asserted that she was a consumer under the DTPA, her DTPA claim relates, if anything, to her requested—but denied—loan modification, which the Fifth Circuit has held cannot form the basis of "consumer status" under the DTPA.  *Miller*, 726 F.3d at 725.[5]

Rather than focus on her "consumer status," Plaintiff instead alleges in the Complaint—and further argues throughout her Response to Defendant's Motion to Dismiss—that Defendant violated the DTPA because the Note underlying the loan was securitized and put into a trust, in violation of a Pooling and Servicing Agreement, and thus Wells Fargo allegedly is not a valid holder of the Note. Complaint, ¶ 14; Plaintiff's Response [Doc. # 47], ¶¶ 18-26.  This argument does not

---

[4]     Plaintiff does not even allege perfunctorily that she is a consumer.

[5]     To the extent that Plaintiff intends to complain about an earlier notice of foreclosure in 2008, Complaint, ¶ 8, the events cannot give rise to a DTPA claim because the applicable statute of limitations is two years.

establish the required predicates for a claim under the DTPA.[6]  Because Plaintiff has

failed to plead facts sufficient to state a claim for relief under the DTPA even after

being granted leave to amend, Defendant's Motion to Dismiss is granted as to this

claim, and Plaintiff's DTPA claim is dismissed with prejudice.

### B.    Negligence and Breach of Contract

Plaintiff next asserts a claim of negligence and breach of contract.  Complaint,

¶¶ 16-17.  Though inexplicably packaged together under a single subheading, the

Court construes Plaintiff's Complaint to allege separate claims of negligence and

breach of contract.

"To state a negligence claim under Texas law, a plaintiff must show: (1) a legal

duty owed by one person to another; (2) a breach of that duty; and (3) damages caused

by the breach."  *Carrillo v. Bank of Am., N.A.*, No. H-12-3096, 2013 WL 1558320, at

*5 (S.D. Tex. Apr. 11, 2013) (Rosenthal, J.) (citing *D. Hous., Inc. v. Love*, 92 S.W.3d

450, 454 (Tex. 2002)).  "A legal duty is a general obligation imposed by law apart

from and independent of promises made and . . . the manifested intentions of the

parties, to avoid injury to others."  *Custer v. Wells Fargo Bank, N.A.*, No. A-12-cv-

056 LY, 2013 WL 1926412, at *13 (W.D. Tex. Apr. 1, 2013) (quoting *UMLIC VP*

---

[6]     Moreover, to the extent that Plaintiff seeks to argue that the Note is not enforceable because it was securitized, the Court has already rejected that argument as without merit.  *See* Memorandum and Order, at 9 n.3.

*LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 611 (Tex. App.—Corpus Christi 2005, pet. denied)) (internal quotation marks omitted).  Plaintiff has stated no facts in support of her negligence claim.  In particular—and as the Court stressed in its previous Memorandum and Order—"Plaintiff has failed to allege that Defendant owed her a duty or to identify what duty was owed."  Memorandum and Order, at 14. Accordingly, Defendant's Motion to Dismiss is granted with prejudice on Plaintiff's negligence claim.

Plaintiff further seeks to enforce a provision of the Deed of Trust that "[t]he Note . . . can be sold one or more times without prior notice to the Borrower."  Deed of Trust [Exh. A to Doc. # 52], ¶ 20.  Plaintiff reads this provision to mean that "the Note and Deed of Trust will be sold together if there is [a] sale."  Complaint, ¶ 17. Because, as Plaintiff claims, "the [N]ote and [D]eed of [T]rust became separated," Plaintiff alleges that it can enforce this provision as a breach of contract and hold the assignment of the Deed of Trust as void.  *Id.*

In order to prevail on a breach of contract claim under Texas law, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant and damages as a result of that breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003), citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

A breach occurs when a party fails or refuses to do something he has promised to do. *Townewest Homeowners Ass'n, Inc. v. Warner Communication Inc.,* 826 S.W.2d 638, 640 (Tex.App.– Houston [14th Dist.] 1992, no writ); *Intermedics, Inc. v. Grady,* 683 S.W.2d 842, 845 (Tex.App.– Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Plaintiff's breach of contract claim fails for multiple reasons. First, Plaintiff misreads the provision in contending that the Note and Deed of Trust may not be separated and that a borrower (such as Plaintiff) may enforce that proscription through a breach of contract claim. The cited Deed of Trust provision merely grants the holder of the Deed of Trust the right to sell the Note without notice to Plaintiff. Second, the Fifth Circuit has explicitly rejected the so-called "split-the-note" theory—that is, that to foreclose, a party must hold both the note and the deed of trust—as inapplicable under Texas law. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Third, in this case, Defendant holds both the original Note and the Deed of Trust, and has produced both to Plaintiff and her counsel. Indeed, Plaintiff attached copies of both documents to her Second Amended Original Complaint. *See* Deed of Trust [Exh. A to Doc. # 52]; Adjustable Rate Note [Exh. B to Doc. # 52]. Finally, because Plaintiff herself was in default under the loan, she did not "perform or tender performance" and thus cannot sue for breach of the underlying contract. *See, e.g.*, *Kaechler v. Bank of Amer., N.A.*, 2013 WL 127555, at *3 (S.D. Tex. Jan. 9,

2013) (Ellison, J.).

For these reasons, Defendant is entitled to dismissal with prejudice of Plaintiff's negligence and breach of contract claims.

### C.   <u>Common Law Fraud</u>

Plaintiff also alleges that Defendant committed common law fraud by making "material false representations to Plaintiff about her Note and [D]eed of [T]rust which [Plaintiff] used to purchase the real property made the basis of this lawsuit." Complaint, ¶ 18.  Plaintiff contends that Defendant "represented . . . that it was the proper party to receive payments and to administer her loan documents" and that in reality it does not have that power.  *Id.*  Furthermore, Plaintiff asserts that she "relied on these representations and made her payments to [D]efendant," but that she now faces the prospect of having to pay the "Liquidating Trust."  *Id.*  Finally, Plaintiff alleges that Defendant "concealed or failed to disclose material facts" regarding its standing regarding the Deed of Trust, which allowed Defendant to "induce Plaintiff to enter into a loan modification," and regarding its ability to foreclose.  *Id.*, ¶¶ 19-20.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cnty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  A plaintiff must allege the existence of

facts sufficient to warrant the pleaded conclusion that fraud has occurred.  *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994).  In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)); *see also Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).  While fraud must be pleaded with particularity, it "may be pleaded without long or highly detailed particularity."  *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).

   In its previous Memorandum and Order, the Court granted Defendant's Motion to Dismiss as to Plaintiff's fraud claim on the grounds that Plaintiff failed to plead her claim with particularity.  Memorandum and Order, at 16.  Nevertheless, the Court granted Plaintiff leave to amend as to this claim.  *Id.*, at 17.  Plaintiff's current Complaint, however, suffers from the same gross deficiency.  Plaintiff fails to state in sufficient detail what statements in particular were fraudulent, who made those statements, when those statements were made, and why the statements were fraudulent.  Instead, Plaintiff simply alleges that Defendant made "representations" to Plaintiff, without setting forth in any particularity the details of these

representations.  *See* Complaint, ¶ 18.  In short, Plaintiff's claim fails to meet the particularity requirement of Rule 9(b).  Accordingly, Defendant's Motion to Dismiss is granted as to Plaintiff's fraud claim.  Because Plaintiff has already been afforded leave to amend this claim, the claim is dismissed with prejudice.

### D.    Suit to Set Aside Trustee's Sale

Defendant foreclosed on the Property on September 3, 2013.  Complaint, ¶ 21.  In her Complaint, Plaintiff alleges that Defendant had "no basis to foreclose" because there is improper documentation of Defendant receiving any interest in the Property.  *Id.*  Plaintiff alleges that Plaintiff's original lender, New Century, filed for bankruptcy after New Century extended the loan to Plaintiff and MERS was designated beneficiary and nominee under the Deed of Trust, and, as part of the bankruptcy, "rejected" its executory contract with MERS.  *Id.*  MERS' assignment of the Note to Wells Fargo, according to Plaintiff, was void because MERS no longer retains any rights over the contract and because the assignment violated the automatic stay in bankruptcy, 11 U.S.C. § 362(a).  *Id.*  Accordingly, Plaintiff alleges that Defendant had no interest in the Property and thus could not foreclose.  *Id.*

The Texas Property Code states that "a mortgage servicer may administer the foreclosure of property."  TEX. PROP. CODE § 51.0025.  Under Texas law,  a mortgage servicer need not be the holder of the original note.  *See id.* § 51.0001(3), (4)

(including "holder of a security instrument" in the definition of mortgagee and stating that a "mortgagee may be the mortgage servicer").  Consequently, the Property Code contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest.  *See Martins*, 722 F.3d at 255.  Here, Defendant has shown Plaintiff the original Note (indorsed by New Century in blank) and the Deed of Trust.  *See* Deed of Trust; Adjustable Rate Note.

As set forth in the Court's previous Memorandum and Order, *see* Memorandum and Order, at 9 n.2, the Deed of Trust grants the "Lender" the power to foreclose on the Property if payments are not made and certain other criteria are satisfied.  Deed of Trust, ¶ 22.  "Lender" is defined in that part of the Deed of Trust as "any holder of the Note who is entitled to receive payments under the Note."  *Id.*  New Century's endorsement in blank makes the Note a bearer note, allowing its bearer—here, Wells Fargo—to enforce its terms if the Note is in default.  *See* TEX. BUS. & COM. CODE § 3.205(b) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.").  Furthermore, the Deed of Trust here grants "any holder of the Note who is entitled to receive payment under the Note" the power to foreclose on the Property.  *See* Deed of Trust, ¶ 22.  Thus, under the Deed of Trust, Defendant can foreclose on the Property because it holds the Note.

To contest what seems to be Wells Fargo's clear right to foreclose, Plaintiff contests the assignment of the mortgage to U.S. Bank, for whom Wells Fargo now acts as a servicer.  Plaintiff offers two lines of attack on this assignment, each of which is unpersuasive.  First, Plaintiff asserts that any assignment of the mortgage after New Century filed for bankruptcy in 2007 is void because, in bankruptcy, New Century rejected its contracts with MERS to the extent those contracts were "executory."  *See* Complaint, ¶¶ 10-11, 21.  Plaintiff's contentions, however, misconstrue MERS' interests in and role with regard to the mortgage.  MERS obtained its rights under the Deed of Trust in 2006, well before New Century's bankruptcy.  From 2006 onward, MERS held "legal title to the interests granted by Borrower in this Security Instrument."  Deed of Trust, at 3.  As the holder of legal title—and thus the mortgagee of record—MERS had the authority, irrespective of New Century's legal status, to assign its interest in the mortgage to other entities.  *See Lindsay v. Wells Fargo Bank, N.A.*, 2013 WL 5010977, at *7-14 (D. Mass. Sept. 11, 2013) (analyzing MERS role in assigning a mortgage in light of New Century's bankruptcy and concluding that MERS had legal authority to assign the mortgage to other entities).  The Deed of Trust also presumes that MERS could assign the mortgage to others.  *See* Deed of Trust, at 2 ("The beneficiary of this Security Instruments is MERS . . . and the successors and *assigns* of MERS." (emphasis

added)).  Plaintiff points to a notice filed in the bankruptcy court, dated March 19, 2008, which references an order granting New Century the right to reject its executory contract with MERS, which she appears to contend severs any ties between New Century and MERS and, as a result, prohibits MERS from assigning any of New Century's mortgages.  *See* Notice of Rejection of Executory Contract [Exh. E to Doc. # 52]; Complaint, ¶ 10.  The bankruptcy court's order does not divest MERS of interests it previously acquired with regard to properties on which New Century made loans as to which MERS was nominee prior to New Century's bankruptcy.  Rejection of executory contracts means that the debtor (New Century) need not continue to perform under the contract, but does not impact prior completed acts under the contract.

Plaintiff also contends that the January, 2012, assignment of Plaintiff's mortgage to U.S. Bank, the Trustee for Citigroup Mortgage Loan Trust, Inc., 2006, HE3, Asset Backed Pass-Through Certificates Series 2006-HE3 ("Trust"), violated an allegedly relevant Pooling and Servicing Agreement that appears to have required assignment of interests to that Trust to be completed by December 29, 2006.  *See* Plaintiff's Response [Doc. # 67], ¶¶ 18-25.  Plaintiff argues the transfer of her Deed of Trust was not completed by that date.  *Id.*, ¶ 24.  Plaintiff further contends that the post-December 2006 transfer renders void the interests of U.S. Bank as Trustee.  *Id.*

In support of this argument, Plaintiff relies on a decision by the Honorable Marvin Isgur, U.S. Bankruptcy Judge for the Souther District of Texas, which held that, under New York Trust law, an *ultra vires* act (such as assignment of a note to a trust after the closing date) was void, not voidable, rendering the putative assignment of a mortgage in that case void *ab initio*. *In re Saldivar*, 2013 WL 2452699, at \*4-5 (Bankr. S.D. Tex. June 5, 2013). The *Saldivar* Court's ruling was explicitly based on New York law. Plaintiff has not established here that New York law applies to her mortgage. For that matter, Plaintiff has not established what state's law would apply in this case with respect to the pooling agreement and transfer in issue. The only evidence before the Court is that the "Assignment of Mortgage" from MERS to U.S. Bank reveals U.S. Bank's address is in Kentucky. *See* Assignment of Mortgage [Exh. D to Doc. # 52].

Moreover, the Fifth Circuit recently stated that "borrowers, as non-parties to [a] PSA, have no right to enforce its terms unless they are intended third-party beneficiaries." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013). Plaintiff has offered no evidence to show that she is an "intended third-party beneficiary" of the PSA. Plaintiff thus has failed to establish that New York law applies or that she has standing to contest assignment to the Trust, and thus has not created a genuine issue of material facts that the assignment of her mortgage to the

Trust was invalid.

Courts in the Fifth Circuit have repeatedly upheld MERS' assignment of mortgages to other entities. *See Farkas*, 737 F.3d at 342 ("Our holding in *Martins* permits MERS and its assigns to bring foreclosure actions under the Texas Property Code"); *Mason v. Bank of Amer., N.A.*, 2013 WL 1313900, at *2 (E.D. Tex. Feb. 25, 2013) (citing cases). This Court "declines to re-plow well harvested ground." *Mason*, 2013 WL 1313900, at *2. Accordingly, the Court grants Defendant's motion to dismiss as to Plaintiff's claim to set aside the trustee's sale.

### E.  Violations of Texas Debt Collection Act

Plaintiff asserts that Defendant violated § 392.304(19) of the Texas Debt Collection Act ("TDCA") by using "false representations that it was entitled to enforce the power of sale in regard to the collection of the payments due under the [D]eed of [T]rust when it knew that it did not possess such a right." Complaint, ¶ 22. Plaintiff claims that Defendant did so by posting the Property as set for foreclosure on at least six occasions "when it did not have the basis to do so." *Id.* Moreover, Plaintiff asserts that Defendant "knew or should have known that there was a breach in the chain of title and that it could not foreclose . . ." *Id.*, ¶ 23.

To plead a viable TDCA claim:

a plaintiff must set forth facts showing that: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning

of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act.

*Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *2 (S.D. Tex. June 6, 2012) (citing TEX. FIN. CODE ANN. § 392.001, *et seq.*).   As with prior versions of her complaint, Plaintiff's current TDCA claim fails.   Plaintiff does not allege, for example, how the "debt at issue is a consumer debt" or that "defendant is a debt collector within the meaning of the TDCA."   Despite the Court allowing Plaintiff leave to amend her pleading, if she could do so in conformity with the requirements of TDCA claims and Federal Rule of Civil Procedure 11, *see* Memorandum and Order, at 14-15, Plaintiff still fails to properly plead facts to support her TDCA claim.

Furthermore, fundamentally Plaintiff's TDCA claim complains that Defendant lacked authority to foreclose on the Property.   As discussed above, Defendant had authority to foreclose.   The Note is a bearer note and Wells Fargo holds it.   *See* Adjustable Rate Note, at 5.   Because the Deed of Trust grants "any holder of the Note who is entitled to receive payment under the Note" the power to foreclose on the Property, *see* Deed of Trust, ¶ 22, Defendant had authority to foreclose on the Deed of Trust.   Plaintiff's TDCA claim is entirely without merit.   Accordingly, Plaintiff's TDCA claims are dismissed with prejudice.

**F.**   **Declaratory Judgment**

Finally, Plaintiff seeks a declaratory judgment that "the assignment of the [D]eed of Trust by MERS was without any legal basis and is therefore void" and that Wells Fargo foreclosed "though it had no legal basis to do so."  Complaint, ¶ 24. Plaintiff presented a largely identical request in her First Amended Original Petition. *See* First Amended Original Petition [Doc. # 26], ¶ 39.  The Court dismissed that request without prejudice because the Court found that Plaintiff's request was dependent on her other claims and that the Amended Petition did not contain a justiciable claim.  *See* Memorandum and Order, at 18-19.

For the same reason, Plaintiff's current request for a declaratory judgment fails. "[T]he Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy."  *Easley v. Fed. Nat. Mortg. Ass'n*, No. 4-10-cv-3734, 2011 WL 6002644, at *6 (S.D. Tex. Nov. 30, 2011) (citation omitted); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 n.4 (5th Cir. 1984).  For the Court to grant declaratory relief, there must be a "substantial and continuing controversy between two adverse parties" and "a substantial likelihood that [Plaintiff] will suffer injury in the future" that arises from a violation of law.  *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2008).  Because all of Plaintiff's claims will be dismissed with prejudice as legally insufficient, she asserts no justiciable claim.  Accordingly,

the Court grants Defendant's Motion to Dismiss and denies Plaintiff's request for a declaratory judgment with prejudice.

## IV.   <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment and Second Motion to Dismiss Subject to Wells Fargo's Motion to Strike Plaintiff's Second Amended Complaint [Doc. # 63] ("Motion to Dismiss") is **GRANTED**.   All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.   It is further

**ORDERED** that Defendant's Motion to Compel Plaintiff to Make an Election of Remedies Subject to Motion to Strike [Doc. # 60] ("Motion to Compel) is **DENIED AS MOOT**.   It is further

**ORDERED** that Defendant's Second Motion for Adequate Protection [Doc. # 62] ("Motion for Adequate Protection") is **DENIED AS MOOT**.   It is further

**ORDERED** that Defendant's Motion to Compel Deposition and Motion for Sanctions [Doc. # 72] ("Motion to Compel Deposition") is **DENIED AS MOOT**.   It is further

**ORDERED** that within 10 days of the entry of this Memorandum and Order, Defendant shall show cause why its counterclaim against Plaintiff should not be dismissed as moot.

SIGNED at Houston, Texas, this __17ᵗʰ__ day of **January, 2014**.

Nancy F. Atlas
United States District Judge