IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNADINE KHAN, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-12-1116 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This foreclosure case is before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") Motion for Entry of Order Awarding Attorneys' Fees and Costs [Doc. # 76] ("Motion for Attorneys' Fees"). Plaintiff Bernadine Khan ("Khan" or "Plaintiff") has filed a Response [Doc. # 78], to which Wells Fargo has replied [Doc. # 79]. Having considered the parties' briefing, the applicable legal authorities, and the pertinent evidence of record, the Court **grants** Wells Fargo's Motion for Attorneys' Fees.

## I.  BACKGROUND

On January 17, 2014, the Court issued a Memorandum and Order granting Wells Fargo's Motion for Summary Judgment and Second Motion to Dismiss [Doc. # 63] and dismissing Khan's claims with prejudice. *See* Memorandum and Order [Doc. # 75]. Wells Fargo's counterclaim for attorneys' fees and costs remained pending. Consequently, the Court ordered Wells Fargo to show cause why the

counterclaim should not be dismissed as moot.  *See id.*, at 25.  Wells Fargo responded

to that order [Doc. # 78], and concurrently filed the pending Motion for Attorneys'

Fees.

## II.    ANALYSIS

### A.    Entitlement to Fees and Costs

Wells Fargo seeks to recover its attorneys' fees and costs under both the deed

of trust on the property ("Deed of Trust") and the adjustable rate note signed by Khan

("Note").   Section 9 of the Deed of Trust provides:

> **Protection of Lender's Interest in the Property and Rights Under
> this Security Instrument**.   If (a) Borrower fails to perform the
> covenants and agreements contained in this Security Instrument, [or] (b)
> there is a legal proceeding that might significantly affect Lender's
> interest in the Property and/or rights under this Security Instrument . . .
> then Lender may do and pay for whatever is reasonable or appropriate
> to protect Lender's interest in the Property and rights under this Security
> Instrument. . . . Lender's actions can include, but are not limited to . . .
> paying reasonable attorneys' fees to protect its interest in the Property
> and/or rights under this Security Instrument. . . .
>
> Any amounts disbursed by Lender under this Section 9 shall become
> additional debt of Borrower secured by this Security Instrument.  These
> amounts shall bear interest at the Note rate from the date or disbursement
> and shall be payable, with such interest, upon notice from Lender to
> Borrower requesting payment. . . .[1]

Paragraph 7 of the Note states:

---

[1]      Deed of Trust [Doc. # 76-2], § 9.

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorneys' fees.[2]

Khan questions the applicability of Section 9 of the Deed of Trust to this case.

Khan states that she sued Wells Fargo "as the servicer," alleging that it was deficient in that role, and challenged the assignment of the mortgage to the Mortgage Electronic Registration Systems ("MERS") as void.[3]  According to Khan, the "deed of trust provision provides that the *lender* may act to protect its interest," and thus should not apply when a debtor challenges the authority of other parties to act under the

---

[2]      Adjustable Rate Note [Doc. # 76-3], ¶ 7(E).  Additionally, Wells Fargo seeks attorneys' fees and costs from Khan's counsel pursuant to 28 U.S.C. § 1927.  Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Khan contends that the "fact that plaintiff's pleading[s] have survived to this point despite aggressive advocacy by the defendant leads to the conclusion that plaintiff's allegations were not groundless or frivolous."  Response [Doc. # 78], ¶ 2.  Wells Fargo argues that the Court warned Khan and her counsel, pursuant to Federal Rule of Civil Procedure 11(b), that "Plaintiff and counsel may not plead a claim for which Plaintiff has no good faith factual and legal basis."  Memorandum and Order [Doc. # 49], at 20.  Wells Fargo further argues that "Plaintiff had no reasonable factual or legal basis to sue Wells Fargo" and "time and time again, pleaded claims for which she had no good faith factual or legal basis to plead."  Motion for Attorneys' Fees [Doc. # 76], ¶ 23.  The Court eventually dismissed all Khan's claims, but much of the appellate authority governing those claims was issued within the last year.  The Court does not rely on Section 1927 or Rule 11 for its award of fees to Defendant.

[3]      *Id.*, ¶¶ 3, 5.

mortgage.[4]  Khan also questions whether Wells Fargo deserves attorneys' fees at all, since: (a) there is a "sufficient cushion" between the value of the property and the sale price of the property at the foreclosure sale to cover Wells Fargo's attorneys' fees and costs;[5] and (b) Wells Fargo did not request attorneys' fees in its motion for summary judgment.[6]

The Court concludes that Wells Fargo is entitled to attorneys' fees and costs under the Deed of Trust and the Note.  Wells Fargo, as servicer of the mortgage, stood in the shoes of the lender and had authority to initiate foreclosure proceedings and to enforce the lender's rights under the Deed of Trust and the Note.  Accordingly, Wells Fargo was authorized, indeed obligated, to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument,"[7] and may be reimbursed for its attorneys' fees and costs.  *See, e.g.*, *May v. Wells Fargo Bank, N.A.*, 2013 WL 4647673, at *5-6 (S.D. Tex. Aug. 29, 2013) (awarding attorneys' fees and costs to mortgage servicer).  Similarly, as the Note Holder, Wells Fargo has the right "to be paid back for all of its costs and expenses in

---

[4]      *Id.*, ¶ 3 (emphasis added); *see also id.*, ¶ 6.

[5]      *Id.*, ¶ 4.

[6]      *Id.*, ¶ 6.

[7]      Deed of Trust, § 9.

enforcing th[e] Note," including for its attorneys' fees and costs.  *See, e.g.*, *Gossett v. Federal Home Loan Mortg. Corp.*, 919 F. Supp. 2d 852, 862 (S.D. Tex. 2013) (permitting recovery of attorneys' fees under a note).

Wells Fargo is clearly entitled to attorneys' fees and costs based on contractual provisions to which Khan agreed when she bought the residence and signed the Deed of Trust and Note.  Wells Fargo is entitled to enforce those provisions of its contracts. Khan's argument that Wells Fargo was required to request attorneys' fees in its motion for summary judgment is frivolous.  Wells Fargo preserved its right to fees and costs by pleading a counterclaim for that purpose.

In sum, Wells Fargo is entitled to enforce the Deed of Trust and Note provisions regarding attorneys' fees and costs.

## B.  Calculation of Fees and Costs

Attorneys' fees requests in the Fifth Circuit are governed by the "lodestar" analysis.[8]  The lodestar is the product of the number of hours reasonably expended on the litigation by the movant's attorneys and each attorney's reasonable hourly billing rate.[9]  The movant bears the burden of documenting the hours expended and rates

---

[8]     *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996).  Texas law employs a virtually identical analysis to that used by the federal courts.  *See Land Rover U.K., Ltd. v. Hinojosa*, 210 S.W.3d 604, 607 (Tex. 2006)*.*

[9]     *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000); *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

charged.[10]

In determining a reasonable fee award, the district court is to consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[11]  The court should exclude from the lodestar calculation all claimed time that is "excessive, duplicative, or inadequately documented."[12]  While the court is to "give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation, and ability of counsel," the most critical factor in this analysis is the "degree of success obtained."[13]

Defendant's lead counsel has submitted an affidavit stating his opinion that "reasonable attorneys' fees and expenses" in this case are $49,940.25, of which

---

[10]    *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

[11]    The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of the issues; (3) required skill; (4) whether other employment is precluded; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the attorneys' experience, reputation and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson v. Georgia Highway Express, Inc.*, , 488 F.2d 714, 717-19 (5th Cir.1974).  *See Mid-Continent*, 205 F.3d at 231; *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998).

[12]    *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).

[13]    *Migis*, 135 F.3d at 1047 (internal citations and quotation marks omitted).  *See Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006)*; Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003).

$47,704.00 is fees and $2,236.25 is costs.[14]  Defendant's counsel charges $400.00 per hour for lead counsel and $275.00 per hour for associates.[15]  The Affidavit attaches a detailed itemization of the amounts billed.

Plaintiffs do not challenge counsel's hourly rate or the amount of time expended.  The Court nevertheless has independently reviewed the reasonableness and necessity of the requested fees and expenses.   First of all, Wells Fargo won every issue the Court reached.  The Court also finds the attorneys' rates and billings are reasonable and necessary given the time and labor involved, the issues involved, the attorneys' experiences, abilities, and reputations, respectively, and customary fees for such cases.  In light of all the *Johnson* factors, the "lodestar" amount of $49,940.25 is reasonable.  The Court also notes that it has previously issued a similar award of attorneys' fees and costs under nearly identical circumstances.  *See May*, 2013 WL 4647673, at *5-6.

## III.   **CONCLUSION AND ORDER**

For the reasons stated, it is hereby

**ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion for Entry of

---

[14]    Affidavit for Attorneys' Fees and Cost [Doc. # 76-4], at 2.

[15]    *Id.*  Defendant's lead counsel's billing records also indicate that he charges $110.00 per hour for other personnel.  *See, e.g.*, Time and Expense Details [Doc. # 76-4], at ECF-numbered page 3 (entries for NKB).

Order Awarding Attorneys' Fees and Costs [Doc. # 76] is **GRANTED**.  It is further

ORDERED that Defendant is **AWARDED** attorneys' fees of $47,704.00 and

costs of $2,236.25.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **26<u>th</u>** day of **February, 2014**.

Nancy F. Atlas
United States District Judge